*E-FILED: July 11, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTON BECKER, JOSEPHINE ASPLUND, and DARRIN WESLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SKYPE INC. ET AL.,<br><br>Defendants. | No. C12-06477 EJD (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT #1**<br><br>**[Dkt. 37]** |

In this putative class action, plaintiffs Becker, Asplund, and Wesley sue Skype and its reputed owner, Microsoft, over alleged billing irregularities. They allege they were users of certain Skype services and products providing internet-based calls and that their accounts were converted, without their knowledge or authorization, from non-recurring (meaning their service terminated at the end of the period they had paid for, unless they renewed) to automatic renewal (meaning service renewed for another billing period unless they affirmatively canceled).

The case is still in the pleading stage. Defendants' motion to dismiss claims for relief 2, 5, and 6 is under submission. Their motion to dismiss Becker on the basis he is not a proper class representative is set for hearing in October.

This discovery dispute is over whether all discovery should be stayed until we see whether any of the plaintiff's claims survive all pending or subsequently filed motions to dismiss.

Over three months ago plaintiffs served interrogatories, requests for production of documents, requests for admissions, and FRCP 30(b)(6) notices of deposition. Most of the discovery sought is what this court would view as baseline, pretty basic stuff. What is the

1 relationship between the defendants? Tell us all about the billing change in 2012 converting non-
2 recurring charges to automatic renewal. What contacts were there between the defendants and the
3 plaintiffs? When and how were plaintiffs notified about the billing change, and how did they
4 signify their approval?

Defendants responded to the discovery requests with a veritable blizzard of objections on every conceivable basis. It seemed that every single discovery request was vague, ambiguous, overbroad, burdensome, not calculated to lead to admissible evidence, and so on.[1] Where plaintiffs offered a definition of a recurring term, defendants objected to the definition. Where plaintiffs did not provide a definition of seemingly straightforward words (such as "policies" or "billings") defendants objected to the absence of definitions. Defendants did not answer any of the interrogatories or requests for admission. On a very few of the requests for production they said they would produce some documents sometime, but not now. They planned to wait until the court rules on "pending and potential motions to dismiss."

Up until now the defendants have had a *de facto* stay on discovery by virtue of objecting to everything and producing nothing. Now, the defendants want this court to officially stay discovery. This the court will not do. Even if claims for relief 2, 5, and 6 are dismissed without leave (no sure thing), that would still leave claims 1, 3, and 4. Even if Becker is found unsuitable as a class representative, there is not as yet any direct challenge to the suitability of Asplund or Wesley. At this point, it appears that this case may get past the pleading stage. And, as noted above, with a few exceptions, the discovery propounded by plaintiffs does not appear to be reaching too far or too deep under the circumstances.

In short, defendants' request for a stay of discovery is denied, and the court specifically overrules their objection to producing/answering/appearing on the basis that motions to dismiss are pending or contemplated.

Furthermore, the court cautions defendants and their counsel to dial back on the fog of words that characterizes their discovery responses to date and to start producing information.

---

[1] For example, Microsoft's General Objections and Objections to Specific Definitions, which was responding to plaintiffs' 30(b)(6) deposition notice and associated document production requests, runs more than eleven pages. It is followed by almost 20 more pages of Specific Objections to the deposition topics and document requests.

**SO ORDERED.**

Dated: July 11, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-06477 EJD (HRL) Order will be electronically mailed to:**

Jonathan Ellsworth Davis jed@arnslaw.com

Jonathan Matthew Jaffe jmj@jaffe-law.com

Joseph Edward Addiego , III joeaddiego@dwt.com, Karenhenry@dwt.com, natashamajorko@dwt.com, samdawood@dwt.com, sfodocket@dwt.com

Kathryn Ann Stebner Kathryn@stebnerassociates.com, carole@stebnerassociates.com

Robert Stephen Arns ddl@arnslaw.com, apb@arnslaw.com, jed@arnslaw.com, rcf@arnslaw.com, srw@arnslaw.com

Sam N. Dawood samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com, nickverwolf@dwt.com

Sarah Colby sarah@stebnerassociates.com

Steven Richard Weinmann srw@arnslaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**