*E-Filed: January 3, 2014*

Robert S. Ams (#65071, rsa@arnslaw.com)
Jonathan E. Davis (#191346, jed@arnslaw.com)
Steven R. Weinmann (#190956, srw@arnslaw.com)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:     (415) 495-7800
Fax:    (415) 495-7888

Jonathan M. Jaffe (#267012, jmj@jaffe-law.com)
**JONATHAN JAFFE LAW**
3055 Hillegass Avenue
Berkeley, CA 94705
Tel:     (510) 725-4293
Fax:    (510) 868-3393

Attorneys for Plaintiffs

Joseph E. Addiego III
(#169522, joeaddiego@dwt.com)
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599

Attorneys for Defendants
Skype Inc. and Microsoft Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CANTON BECKER, JOSEPHINE ASPLUND, and DARRIN WESLEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SKYPE INC., a Delaware Corporation; MICROSOFT CORPORATION, and DOES 1-100, <br><br> Defendants. | Case No. 12-cv-06477 EJD  (HRL) <br><br> **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** <br><br> Judge:     Hon. Edward J. Davila <br> Courtroom:     4 <br><br> (MODIFIED BY THE COURT) |

Stipulated Protective Order
Case No. C-12-06477 EJD

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 ~~and General Order 62~~ sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

-2-

things, documents, interrogatory responses, responses to requests for admission, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not, in good faith, reasonably anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys (and their support staff) who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.  The Parties agree that this Order does not sufficiently address the protection of source code.  If source code is sought in discovery, the Parties will seek an additional Stipulated Order to protect disclosure of source code information.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  After the final disposition of this action, this court will retain jurisdiction to enforce the terms of this protective order. for a period of six months.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, routinized, or indiscriminate designations are prohibited.  Designations that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions upon sufficient findings as required under existing provisions of the Federal Rules of Civil Procedure.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  For documents produced in native format, the Producing Party shall append "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the filename.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies on the record or up to 30 days after completion of the deposition, whether protection is sought and the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.  If no designation is

made at the deposition, the transcript shall be treated as "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" during the 30-day period referenced above. Alternatively, a
Designating Party may specify, at the deposition or up to 30 days afterwards, that the entire
transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY." After the expiration of that period, the transcript shall be
treated only as actually designated.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing
or other proceeding to include Protected Material so that the other parties can ensure that only
authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a
deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page
that the transcript contains Protected Material. The Designating Party shall inform the court
reporter of these requirements.

(c)      for information produced in some form other than documentary and for
any other tangible items, that the Producing Party affix in a prominent place on the exterior of
the container or containers in which the information or item is stored the legend
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only
a portion or portions of the information or item warrant protection, the Producing Party, to the
extent practicable, shall identify the protected portion(s) and specify the level of protection
being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
designate qualified information or items does not, standing alone, waive the Designating
Party's right to secure protection under this Order for such material. Upon timely correction of
a designation after the incorrect designation is actually discovered by the Designating Party, the

-7-

Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.   The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the ~~Challenging Party may file a motion challenging a confidentiality designation~~ parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes. ~~at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.   Any motion brought pursuant to this provision~~

-8-

~~must be accompanied by a competent declaration affirming that the movant has complied with~~ Any Discovery Dispute Joint Resolution shall affirm that the meet and confer requirements imposed by the preceding paragraph. have been met.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party and/or Receiving Party's counsel may access and use (only insofar as more specifically provided in this Order) Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by Receiving Party and Receiving Party's counsel at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" by the Designating Party shall be disclosed only to:

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (for the sake of clarity, the parties agree that "CONFIDENTIAL" information or items shall not be disclosed to the named plaintiffs in this action);

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(d)      the court and its personnel;

(e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the court or permitted in writing by the

Designating Party, any information or item designated <u>"HIGHLY CONFIDENTIAL –</u> <u>ATTORNEYS' EYES ONLY"</u> by the Designating Party shall be disclosed only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation (for the sake of clarity, the parties agree that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items shall not be disclosed to the named plaintiffs in this action);

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, employee, or consultant of a competitor of a Party or anticipated to become one.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) who is a current officer, director or employee of a competitor of a Party or anticipated to become one, any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3(b) first must make a written request to

the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

> (b)   A Party that makes a request and provides the information specified in Section 7.4(a) may disclose the subject Protected Material to the identified Expert 15 days after making its 7.4(a) disclosure unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

> (c)   A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the ~~Party seeking to make the disclosure to the~~ Parties may seek judicial relief per the undersigned's Standing Order re Civil Discovery Disputes. ~~Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so.~~ Any ~~such motion~~ Discovery Dispute Joint Report must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

-12-

the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such ~~motion~~ DDJR must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d)     Notwithstanding the above, Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel or the Parties, provided that such expert or consultant is using said Discovery Material solely in connection with this Litigation, and further provided that such expert or consultant has previously executed an undertaking in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Stipulation, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulation, and agreeing not to disclose or use any Discovery Material for purposes other than those permitted hereunder.

## 8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of the opposing party shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information he or she received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used

in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is first received by the affected individual and shall end five (5) years after final termination of this action.

## 9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

      (a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the

Non-Party before a determination by the court.[3]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege is inadvertently produced or disclosed ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable privilege.

(a)      If a claim of inadvertent production is made, pursuant to this Stipulated Protective Order, with respect to Discovery Material then in the custody of another Party, that Party shall:  (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

-16-

summaries and excerpts) and certify in writing to that fact; and (iii) not use the Inadvertent

Production Material for any purpose until further order of the Court expressly authorizing such

use.

(b)    ~~A Party may move the Court for an order compelling production of the~~ If a dispute arises, the parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.  The DDJR shall be filed under seal in compliance with L.R. 79-5 ~~claimed Inadvertent Production Material.  The motion shall be filed under seal~~ and shall not

assert as a ground for entering such an order the fact or circumstance of the inadvertent

production.  While such a motion is pending, the Discovery Material in question shall be

treated in accordance with paragraph 12(a) above.

(c)    If a Party, in reviewing Discovery Material it has received from the other

Party or any non-Party, finds anything the reviewing Party believes in good faith may be

Inadvertent Production Material, the Party shall:  (i) refrain from any further examination or

disclosure of the potentially Inadvertent Production Material; (ii) promptly identify the material

in question to the Producing Party (by document number or other equally precise description);

and (iii) give the Producing Party seven (7) days to respond as to whether the material was, in

fact, inadvertently produced.  If the Producing Party makes a claim of inadvertent production,

the provisions of paragraph 12(a) shall apply.

## 13.    MISCELLANEOUS

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person

to seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing

any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the

material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>.  Without written permission from the Designating

Party or a court order secured after appropriate notice to all interested persons, a Party may not

file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 ~~and General Order 62~~. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 ~~and General Order 62~~, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) ~~and General Order 62~~ is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 14.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED.**

DATED: July 18, 2013                    THE ARNS LAW FIRM

                                        By: _____
                                                Robert S. Arns
                                                Jonathan E. Davis
                                                Steven R. Weinmann

                                                --and--

                                        JONATHAN JAFFE LAW

                                        By: _____
                                                Jonathan M. Jaffe

                                        Attorneys for Plaintiffs


DATED: July 19, 2013                    DAVIS WRIGHT TREMAINE LLP


                                        By: _____
                                                Joseph E. Addiego III
                                                Sam N. Dawood
                                                Jeanne M. Sheahan

                                        Attorneys for Defendants

                                        Skype Inc. and Microsoft Corporation

-19-

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on _____ [date] in the case of *Becker v. Skype, Inc.*,

Case No. 12-cv-06477-EJD. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type

full address and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

-20-

1    Joseph E. Addiego III (CA State Bar No. 169522)
     DAVIS WRIGHT TREMAINE LLP
2    505 Montgomery Street, Suite 800
     San Francisco, California  94111
3    Telephone:     (415) 276-6500
     Facsimile:      (415) 276-6599
4    Email:            joeaddiego@dwt.com

5    Karen A. Henry (CA State Bar No. 229707)
     DAVIS WRIGHT TREMAINE LLP
6    865 S. Figueroa Street, Suite 2400
     Los Angeles, California  90017-2566
7    Telephone:     (213) 633-6800
     Facsimile:      (213) 633-6899
8    Email:            karenhenry@dwt.com

9

10   Attorneys for Defendants
     SKYPE INC. and MICROSOFT CORPORATION

11

12                  IN THE UNITED STATES DISTRICT COURT

13             FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15   CANTON BECKER, JOSEPHINE ASPLUND,  )  Case No. C-12-06477 EJD
     and DARRIN WESLEY, individually and on  )
16   behalf of all others similarly situated,        )  [PROPOSED] ORDER GRANTING
                                   )  STIPULATED PROTECTIVE ORDER
17              Plaintiff,              )
                                   )
18           v.                    )
                                   )
19   SKYPE INC., a Delaware Corporation;     )
     MICROSOFT CORPORATION, and DOES 1-  )
20   20,                                   )
                                 )
21          Defendants.           )
     _____)

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

                                           1

The Court, having reviewed the parties' concurrently-filed Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets ("Protective Order"), and good cause appearing therefore, hereby GRANTS the Protective Order.


DATED: ~~July 19, 2013~~  1/3/14

_____
The Honorable Howard R. Lloyd
Magistrate Judge of the United States District Court
for the Northern District of California


Submitted by:
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017


By: _____/ s /_____
        Joseph E. Addiego III

Attorneys for Defendants
SKYPE INC. and MICROSOFT CORPORATION

[PROPOSED] ORDER
Case No. C-12-06477 EJD
DWT 22311047v1 0025936-001765

DAVIS WRIGHT TREMAINE LLP