UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTON BECKER, JOSEPHINE ASPLUND, and DARRIN WESLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKYPE INC., a Delaware Corporation, MICROSOFT CORPORATION, and DOES 1-20.<br><br>Defendants. | Case No.: 5:12-CV-06477-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLANTIFF CANTON BECKER**<br><br>[Re: Docket No. 38] |

Presently before the Court is Defendants Skype Inc. and Microsoft Corporation's (collectively, "Defendants") Motion to Dismiss Plaintiff Canton Becker ("Plaintiff") from the instant action pursuant to subsections (b)(1) and (b)(6) of Federal Rule of Civil Procedure 12. See Docket Item No. 38. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having thoroughly reviewed the parties' briefing and for the following reasons the Court GRANTS Defendants' Motion.

**I.     Background**

Skype provides both free and fee-based telephone services through an Internet connection. See Docket Item No. 30 (Second Amended Class Action Complaint for Damages, "SAC"). Plaintiff Becker opened a free Skype account in 2005. Id. In October 2006 he purchased a three-

1

Case No.: 5:12-CV-06477-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF CANTON BECKER

1   month subscription for a fee-based "Skype Online Number" in order to communicate with clients

2   of his graphic design business while traveling. Id. At the end of the subscription period, he did not

3   renew the Online Number and service ended. Id. On five occasions through 2011, Plaintiff

4   purchased additional three-month subscriptions that he let lapse at the end of their terms. Id. Each

5   time he initiated service, he saw a notice that gave the option to permit Skype to auto-renew his

6   subscription at the end of the three-month period but did not select it. Id. On August 13, 2012

7   Plaintiff purchased another three-month Online Number subscription. Id. On November 10, 2012

8   he noticed he had been charged $18 for an additional three-month subscription despite not having

9   requested it. Id. Plaintiff spent two hours that day attempting to secure a refund from Skype, which

10  later that day agreed to refund the full amount. Plaintiff received his refund on November 16, 2012.

11  Id.

12   On November 19, 2012, Plaintiff filed a Class Action Complaint for Damages along with

13  Josephine Asplund and Darrin Wesley in Santa Clara County Superior Court. See Docket Item No.

14  1, Ex. 1. Plaintiffs filed an Amended Complaint on December 19, 2012. Id. Two days later, on

15  December 21, 2012, Defendants removed the action to this Court pursuant to the Class Action

16  Fairness Act. See Docket Item No. 1 (Notice of Removal). Defendants filed a Motion to Dismiss

17  Plaintiffs' Second, Fifth, and Sixth Claims on January 28, 2013 (Docket Item No. 14), which

18  ultimately was fully briefed, as well as a separate Motion to Dismiss for Lack of Jurisdiction on

19  April 10, 2013 (Docket Item No. 26), which was not. Plaintiffs filed a Second Amended Complaint

20  on April 24, 2013, which, upon filing, became the operative complaint in this matter. See Docket

21  Item No. 30. Defendants filed the instant Motion to Dismiss for Lack of Jurisdiction on May 9,

22  2013. See Docket Item No. 38.

### II.   Legal Standard

A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true and the court

must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

**III.    Discussion**

Defendants present two grounds on which they argue the Court should dismiss Plaintiff Becker. First, they argue Plaintiff's Complaint fails to allege an actual case or controversy as required to establish this Court's subject matter jurisdiction. Second, Defendants argue that even if Plaintiff has established subject matter jurisdiction, his pleadings fail to state claims for which relief may be granted under the Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), or the California Business and Professions Code ("B&P Code"). Because the Court finds that Defendants' subject matter jurisdiction argument is dispositive, it will only address that ground.

**A. Plaintiff Has Not Alleged Injury in Fact**

Article III, section 2 of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. In order to satisfy the standing requirements of Article III, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561 (1992). The parties agree that Plaintiff received a full refund of the allegedly unauthorized $18 service renewal fee. Two issues remain in dispute. First, whether Skype's failure to pay Plaintiff interest on that refund or to compensate him for his time spent procuring it constitutes actual injury. Second, whether Plaintiff has sufficiently demonstrated risk of imminent injury due to Skype's ongoing business practices, and therefore his standing to sue for injunctive relief.

Defendants cite several decisions in which plaintiffs who received a full refund prior to filing suit were found to lack standing. See Gonzales v. Comcast Corp., Case No. 10-CV-01010, 2012 WL 10621 (E.D. Cal. Jan. 3, 2012); Demmick v. Cellco P'Ship, Case No. 06-2163, 2007 WL

3

789040 (D. N.J. March 13, 2007); Arabian Am. Oil Co. v. Scarfone, 713 F. Supp. 1420 (M.D. Fla. 1989), aff'd, 939 F.2d 1472 (11th Cir. 1991). Plaintiff contends that, notwithstanding these cases, his full refund was an inadequate remedy because he also should have been reimbursed for the two hours he spent communicating with Skype in order to get it. Plaintiff cites no authority for the proposition that personal time spent procuring a refund must be compensated. Rather, he argues that he should be compensated for wages he presumably lost while on the phone with Skype. That Plaintiff has identified a specific monetary value for his efforts—$85 per hour—does not render his injury sufficiently concrete. Lujan v. Defenders, 504 U.S. at 560 (explaining that Article III injury requires a plaintiff to demonstrate harm that is "'concrete'…not conjectural or hypothetical"). That amount is meaningless if he cannot allege actual loss of work, which he has not. Plaintiff's SAC says only that he "could have instead billed out [the] time" he spent contacting Skype. See Docket Item No. 1, Ex. 3 ¶44. This same conditional phrasing is repeated in his Opposition. See Docket No. 39. Beyond these vague suggestions of lost opportunity, Plaintiff provides no allegations relating to any specific work he set aside or was forced to forgo in order to pursue his refund.

It is on this point that the Southern California Housing Rights Center case cited by both parties is most relevant. S. Cal. Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n, 426 F. Supp. 2d 1061 (C.D. Cal. 2005). That decision did not necessarily hinge on whether the plaintiff was an organization or an individual. Nor did its holding suggest that parties are automatically entitled to compensation when their attention and resources are directed to one issue instead of another. Rather, the central consideration was the concrete nature and scale of the Housing Rights Center's alleged injury. The court determined that the organization had standing because it "present[ed] evidence of actual injury based on loss of financial resources in investigating [the] claim." Id. at 1069. Plaintiff's pleadings, in contrast, include nothing to indicate actual loss of business during the time he was pursuing his refund. Moreover, while the Southern California Housing Rights Center plaintiffs alleged substantial and extended dedication of staff time, Plaintiff Becker claims a loss of only two hours on a Saturday. Plaintiff provides no authority suggesting that the Court may consider the opportunity cost of pursuing a refund sufficient to constitute actual injury absent any allegations that Plaintiff actually lost billable work.

Plaintiff also fails to cite any precedent or statutory authority to support his argument that he is entitled to interest on his refund, let alone that the loss of that interest constitutes sufficient injury to establish standing. Plaintiff contacted Skype on November 10 and Skype agreed to refund the $18 that day. See Docket No. 39. It took six days for the funds to return to Plaintiff's bank account. Id. Defendants estimate that interest, if owed, would be in the range of 1.5-3.55 cents. See Docket No. 38. Faced with a comparable scenario, the court in Gonzales found that estimated damages of 0.5 cents to $1.64 were too speculative and de minimus to convey standing. Gonzales, 2012 WL 10621 at *7. Even assuming a legal entitlement to interest, the de minimus amount alleged lost is similarly inadequate to establish Article III standing in this case.

### B. Plaintiff Cannot Show a Likelihood of Future Injury

Besides failing to establish an Article III injury, which is required to convey subject matter jurisdiction over each of his claims, Plaintiff has also failed to establish the threat of imminent injury, which is required in order to grant his requested injunctive relief. To establish standing on this basis, a plaintiff must demonstrate that he is "realistically threatened by a repetition of the violation." Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir.2006). A mere assertion of the intention to do something in the future is not sufficient to confer standing, as "[s]uch 'some day' intentions—without any description of concrete plans, or indeed any specification of when the some day will be…" In re Intel Laptop Battery Litig., Case No. 09-CV-02889, 2011 WL 7290487 (N.D. Cal. Apr. 7, 2011) (quoting Summers v. Earth Island Institute, 555 U.S. 488, 495 (2009)).

Plaintiff argues that because he continues to purchase Skype Online Numbers and plans to do so in the future, he is at risk of future harm. Having already been subject to the contested auto-renew policy, spoken to Skype about it, and received a refund for the first auto-renew applied to his account, Plaintiff simply cannot reasonably argue that he stands to be fooled again in the future. As other courts have well recognized, "[i]f a plaintiff has knowledge of a defendant's practices, that plaintiff cannot have standing to seek injunctive relief to redress injuries caused by those practices, because the plaintiff's knowledge precludes him from showing a likelihood of being injured in the future by those practices." In re Intel Laptop Battery Litig., 2011 WL 7290487 at *2 (quoting Laster v. T–Mobile USA, Inc., Case No. 05-CV-1167, 2009 WL 4842801, at *3–4 (S.D. Cal.

Dec.14, 2009)); see also Castagnola v. Hewlett-Packard Co., Case No. 11-CV-05772, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ("Plaintiffs now have knowledge of the terms and conditions of the program…[t]hus, the Court concludes they have not alleged facts showing a realistic threat that they would be harmed by Defendants' conduct in the future.").

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff Canton Becker is GRANTED, without leave to amend. The remaining plaintiffs may file an amended complaint as a separate docket entry on ECF/PACER by no later than February 18, 2014.  Accordingly, the additional Motion to Dismiss filed by Defendants, Docket Item No. 58, is hereby DENIED as moot. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Defendants must file a response to the amended complaint as provided for in Federal Rule of Civil Procedure 15(a)(3).  The parties are advised that the Court may strike any future pleadings that fail to comply with the Federal Rules of Civil Procedure, this district's Civil Local Rules, and/or this Court's standing orders.

**IT IS SO ORDERED.**

Dated: February 10, 2014



EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-06477-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF CANTON BECKER